**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Olivier Peyré, | No. CV-23-00350-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Catharine Bliss McGarey, | |
| Respondent. | |

Petitioner Charles Olivier Peyré and Respondent Catharine Bliss McGarey are the married parents of two-year-old twins. (Doc. 1 ¶¶ 6-7.) On February 27, 2023, Petitioner filed a verified petition under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, which implements the provisions of the Hague Convention on the Civil Aspects of International Child Abduction. (Doc. 1.)

The petition alleges as follows. On June 30, 2022, Respondent "boarded a plane to Arizona on a pre-planned vacation to visit her parents with the children" and did not return, and "continues to refuse return of the children." (*Id.* ¶¶ 11, 17.) Petitioner "was permitted to visit with the children in the State of Arizona from December 29, 2022 through January 7, 2023 under strict rules set out through [Respondent's] attorney including a promise not to take the children home to France," during which time Petitioner "had exclusive possession of the children," except for "a short period on the children's birthday." (*Id.* ¶ 18.) "Since shortly after [Petitioner's] return to France, [Respondent] has refused to allow him contact with the children." (*Id.* ¶ 19.) The petition seeks "an immediate order

restraining Respondent from removing the Children from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the Children, directing any United States Marshal or other law enforcement officer to bring the Children before this Court" and "asks that this Court schedule an expedited hearing on the merits." (*Id.* ¶ 27.)

Petitioner also filed a motion for an expedited hearing and for a temporary restraining order ("TRO") restraining Respondent from removing the children from Arizona. (Doc. 2.)

Petitioner's motion for an expedited hearing will be denied without prejudice. To be clear, the Court intends to give this matter expedited consideration. *See generally Lops v. Lops*, 140 F.3d 927, 944 (11th Cir. 1998) ("Article 11 of the Hague Convention contemplates an immediate emergency hearing in international child abduction cases and a judicial decision within six weeks."); *Martinez-Castaneda v. Haley*, 2013 WL 12106712, *4 (W.D. Tex. 2013) ("The treaty contemplates that a case for the return of a child will be decided expeditiously. After a period of six weeks has passed from the time of filing of the case, the State Department may inquire of the court handling the case to provide reasons for the delay in disposing of the case."). However, before the Court will set a discovery, briefing, and hearing schedule, Petitioner must demonstrate that Respondent is aware of the proceedings. *See* 22 U.S.C. § 9003(c) ("Notice of an [ICARA action] shall be given in accordance with the applicable law governing notice in interstate child custody proceedings."); 28 U.S.C. § 1738A(e) ("Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child."). Thus, the case cannot proceed until Respondent is served. *Cf. Ebanks v. Ebanks*, 2007 WL 2591196, *3 (S.D.N.Y. 2007) ("ICARA . . . provides the method for service in Hague Convention proceedings: 'in accordance with the applicable law governing notice in interstate child custody proceedings.' Therefore, Petitioner needed to serve his petition papers upon Respondent in accordance with [state] law."). Once Respondent is properly served, the Court will hold a status conference to

solicit the parties' input on how to proceed.

Petitioner's motion for a TRO will also be denied without prejudice. A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation and emphasis omitted); *see also Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Here, Petitioner hasn't shown a likelihood of irreparable harm in the absence of a TRO. Specifically, Petitioner hasn't presented any specific evidence suggesting that Respondent is likely to flee from Arizona, taking the children with her, in the absence of a TRO. Such a showing is usually necessary to obtain a TRO in an ICARA matter. *See, e.g., Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003) (granting TRO where petitioner presented evidence that "it is the intention of [Respondent] to take the child out of Iowa in the very near future; and that if a temporary restraining order is not issued *ex parte*, [Respondent] will likely flee this jurisdiction with the child upon receiving notice of [Petitioner's] intent to seek a temporary restraining order preventing them from

doing so"); *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 413 (W.D. Pa. 1998) (granting TRO application where Canadian petitioner presented evidence that respondent had recently stated, during a phone call, "that the 'end time' was near and that she and their children would not be returning to Canada. [Petitioner] understood the reference to the 'end time' as a statement which related to his wife's religious beliefs . . . that [her] sect . . . must be ready to flee to Petra, Jordan if and when the church's leader directs. Apparently, adherents believe that only by escaping to Petra will God save them from an apocalyptic event."). Additionally, even if the Court were to grant the injunctive relief sought by Petitioner, it is not clear that the injunction would have any practical effect because Respondent is not currently aware of these proceedings and TROs ordinarily must expire within 14 days of issuance. *See* Fed. R. Civ. P. 65(b)(2).

Accordingly,

**IT IS ORDERED** that Petitioner's motion for an expedited hearing and for TRO (Doc. 2) is **denied without prejudice**.

Dated this 1st day of March, 2023.

Dominic W. Lanza
United States District Judge