**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Olivier Peyre,<br><br>  Petitioner,<br><br>v.<br><br>Catharine Bliss McGarey,<br><br>  Respondent. | No. CV-23-00350-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion for attorneys' fees and costs filed by Petitioner Charles Olivier Peyré ("Father"). (Doc. 47.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

This is an action under the International Child Abduction Remedies Act ("ICARA") brought by Father, a French citizen, against Respondent Catharine Bliss McGarey ("Mother"), an American citizen.

On May 30, 2023, following a five-day bench trial, the Court issued findings of fact and conclusions of law, concluding that Father is entitled to relief under ICARA and ordering Mother to return the parties' twin children ("the Children") to France. (Doc. 45.)[1] The Court also noted that Father is "presumptively entitled" under 22 U.S.C. § 9007(b)(3) "to recover his attorneys' fees and costs because he has prevailed in this action" but

---

[1] The Court later denied Mother's motion for reconsideration of this ruling. (Doc. 58.)

declined the resolve the issue at that time because "Mother has not, at least yet, attempted to identify any reason why an award would be inappropriate." (*Id.* at 36.) Instead, the Court authorized further briefing on the issue of costs and fees. (*Id.* at 37.)

To that end, Father has now filed a motion seeking $32,165.00 in attorneys' fees, $8,592.21 in litigation costs, and $7,867.55 in travel-related expenses, for a total of $48,624.76. (Doc. 47.)

Mother opposes this request. (Doc. 56.) First, Mother asks the Court to deny Father's motion in its entirety, arguing that any financial award would be "clearly inappropriate" under § 9007(b)(3) in light of the closeness of this case, her strained financial circumstances, and her good-faith belief that her removal of the Children from France and retention of the Children in the United States was lawful. (*Id.* at 1-7.) Second, and alternatively, Mother argues that Father's request is inflated because some of Father's counsel's time entries are incomplete and/or unrelated to this case, some of Father's claimed litigation expenses are uncorroborated, unrelated to this case, and/or not compensable under the law, and some of Father's travel expenses are inflated. (*Id.* at 8-9.)

In reply, Father questions Mother's "attempt[] to portray herself as financially disadvantaged" and accuses Mother of baselessly driving up his litigation costs in various ways. (Doc. 59 at 1-4.) Next, Father acknowledges that a "small number" of his counsel's time entries relate to another matter, argues that many of the challenged entries are sufficiently related to this matter, and supplies the narratives that were inadvertently omitted from his initial submission of time entries. (*Id.* at 4-5.) Father also accuses Mother of being "disingenuous" in questioning whether he paid the transcript fees, as the charges are reflected on the Court's docket, and supplies the invoice in an abundance of caution. (*Id.* at 6.) Father also argues that interpreter fees qualify as taxable costs. (*Id.*) Finally, Father defends the reasonableness of his travel expenses (although he "does not object to a slight reduction in his car rental expense") and argues that he "should not be penalized for exercising his right to attend the full trial in person." (*Id.* at 6-7.)

…

**DISCUSSION**

As discussed in the May 30, 2023 order, Father's request for attorneys' fees and costs is governed by 22 U.S.C. § 9007(b)(3), which provides as follows:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title *shall order* the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, *unless* the respondent establishes that such order would be *clearly inappropriate*.

*Id.* (emphases added). Per the italicized language, Father's success in this action means he is presumptively entitled to recover his necessary costs and expenses, but that presumption can be overcome if Mother establishes that an award would be "clearly inappropriate."

Although the parties have not identified (nor has the Court found) any Ninth Circuit or Supreme Court decision delineating the contours of § 9007(b)(3)'s "clearly inappropriate" exception,[2] other circuits have addressed it and reached varying conclusions as to exactly what it means. *See, e.g.*, *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) (characterizing the "clearly inappropriate" standard as "a broad caveat" that "giv[es] the district court broad discretion in its effort to comply with the Hague Convention consistent with our own laws and standards"); *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013) ("[A] prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court. Absent any statutory guidance to the contrary, the appropriateness of such costs depends on the same general standards that apply when attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. There is no precise rule or formula for making these

---

[2] In *Chafin v. Chafin*, 568 U.S. 165 (2013), the Supreme Court observed that "courts ordering children returned *generally* must require defendants to pay various expenses incurred by plaintiffs, including court costs, legal fees, and transportation costs associated with the return of the children." *Id.* at 169 (emphasis added). However, the Court did not elaborate on when this "general[]" rule might be overcome. Similarly, "[t]he Ninth Circuit's sole published ruling on this provision," *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010), does not define the term "clearly inappropriate" and simply "emphasize[s] that it should be construed in light of the Convention's purpose of deterring unlawful conduct by parents in the first instance." *Efthymiou v. LaBonte*, 2023 WL 3611362, *3 (N.D. Cal. 2023) (citing *Cuellar*, 603 F.3d at 1143).

- 3 -

determinations, but instead equitable discretion should be exercised in light of the relevant considerations.") (cleaned up); *West v. Dobrev*, 735 F.3d 921, 932 (10th Cir. 2013) (seeming to adopt *Whallon*'s interpretation).

In the Court's view, the most persuasive analysis comes from the Eleventh Circuit's decision in *Rath v. Marcoski*, 898 F.3d 1306 (11th Cir. 2018).[3] There, the court began by noting that a "Congressional Research Service Report in 2008 estimated there to be two hundred federal statutory exceptions to the American rule that each party bears its own litigation costs" and that "[t]ypical fee-shifting statutes commit to the district court broad discretion to award fees to a prevailing party." *Id.* at 1310. However, the court also noted that ICARA's fee-shifting provision is unique, as "[t]he term 'clearly inappropriate' is not used in any other fee-shifting statute." *Id.* at 1311. This uniqueness was important to the analysis, the court explained, because "[t]he specific language Congress used in ICARA's fee-shifting provision should not be overlooked." *Id.* at 1310. The court concluded that the "clearly inappropriate" exception should be construed narrowly, because "ICARA does not afford courts broad discretion on the issue of whether prevailing petitioners are entitled to an award—the statute dictates that they presumptively are—and the exception cannot be drawn so broadly as to make the analysis indistinguishable from what courts employ under a typical fee-shifting statute. Unless the exception is carefully circumscribed, the statute will fail to serve its function of compensating successful petitioners and providing an additional deterrent to wrongful international child removals and retentions." *Id.* at 1311 (citation and internal quotation marks omitted). Finally, and "recogniz[ing] that the 'clearly inappropriate' language comes without a statutory definition," the court identified "two considerations" that might be sufficient to satisfy the exception and overcome the presumption in favor of an award: "One is whether a fee award would impose such a financial hardship that it would significantly impair the respondent's ability to care for the child. A second is whether a respondent had a good faith belief that her actions in removing or retaining a child were legal or justified." *Id.* (citations omitted).

---

[3] The Fourth Circuit has also chosen to follow the Eleventh Circuit's interpretation of § 9007(b)(3) as set forth in *Rath*. *Sundberg v. Baily*, 765 F. App'x 910, 914 (4th Cir. 2019).

- 4 -

Mother argues that both of these considerations are present here. On the one hand, the Court concludes that Mother's arguments as to financial hardship are unavailing for the reasons stated in Father's briefing. On the other hand, Mother stands on stronger footing with respect to her claim that she had a good-faith belief in the legality of and justification for her challenged actions. As discussed in greater detail in the May 30, 2023 order, although the Court ultimately ruled against Mother on the issue of consent, it did "not discount the possibility that Mother may have honestly, if incorrectly, believed that her trip on June 30, 2022 was a permanent move being made with Father's blessing. The trip occurred during a particularly tumultuous time in the parties' marriage, during which their communications were strained. . . . [T]he issue presents a close call." (Doc. 45 at 32.) Although the existence of "some miscommunication or misunderstanding" on Mother's part was irrelevant for liability purposes (because "it is only Father's subjective intent that matters for purposes of Mother's consent defense," *id.*), that misunderstanding has renewed salience here. *Rath*, 898 F.3d at 1312 ("We agree that the basis for a losing respondent's course of conduct can be a relevant consideration in deciding if a fee award is clearly inappropriate."). *See also Ozaltin*, 708 F.3d at 375-76 (vacating award of costs and fees to prevailing parent in ICARA action because the losing parent "had a reasonable basis for thinking at the time of removing the children to the United States in 2011 that her actions were consistent with Turkish law" and "[a]lthough mistake of law is not a defense to the return action itself, it is a relevant equitable factor when considering whether a costs award is appropriate"); *Mendoza v. Silva*, 987 F. Supp. 2d 910, 916-17 (N.D. Iowa 2014) ("I conclude that it is 'clearly inappropriate' to award any of Ms. Mendoza's claimed legal fees against Mr. Medina. . . . I found it to be a very close case. Ultimately, I believe that Mr. Medina had a mistaken, but nevertheless good faith belief that the parties had agreed that he would take the children to the United States where they would attend school."). Accordingly, the Court concludes that Mother has met her burden of establishing that an award would be "clearly inappropriate."

Given this conclusion, one final clarification is in order. Presumably because the

Court invited post-judgment briefing as to Father's potential entitlement to attorneys' fees and costs under § 9007(b)(3), Father did not separately file a bill of costs with the Clerk of Court, as he would ordinarily be allowed to do. *See* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 102 (2022) ("The process of taxing costs is initiated by the prevailing party, who files a bill of costs with the clerk. No motion is required.") (citations omitted). Under LRCiv 54.1(a), the deadline for filing a bill of costs with the Clerk is "within fourteen (14) days after the entry of judgment." That deadline has now expired.

Had Father filed a bill of costs, he could have sought reimbursement under Rule 54(d)(1) for some of the same "costs . . . other than attorney's fees" that he unsuccessfully sought here. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). As a result, the Court has considered whether it should *sua sponte* extend the deadline for filing a bill of costs, as LRCiv 54.1(a) allows. The Court concludes, however, that such a step would be unnecessary. Just as an award of attorneys' fees and costs under § 9007(b)(3) is not mandatory, "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting*, 482 U.S. at 442. "Courts consider a wide range of factors in determining whether to deny costs to the prevailing party . . . [including] whether the issues presented were close or difficult . . . [and] whether the losing party acted in good faith." 2 Gensler, *supra*, at 92 (citations omitted). Thus, for the same reasons it has declined to award attorneys' fees and costs under § 9007(b)(3), the Court would decline to award costs under Rule 54(b).

…
…
…
…
…

Accordingly,

**IT IS ORDERED** that Father's motion for attorneys' fees and costs (Doc. 47) is **denied**. This case remains **closed**.

Dated this 11th day of August, 2023.

Dominic W. Lanza
United States District Judge